IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| CLAIRE LAROCHE, | : | Civil No. 21-13918 (RBK/AMD) |
| Plaintiff, | : | |
| v. | : | |
| ANDREW BURKI, | : | |
| Defendant. | : | |

## (PROPOSED) JOINT FINAL PRETRIAL ORDER

The following shall constitute the Joint Final Pretrial Order pursuant to Rule 16, Federal Rules of Civil Procedure. This Joint Final Pretrial Order shall govern the conduct of the trial of this case. Amendments to this Order will be allowed only in exceptional circumstances to prevent manifest injustice. *See* Fed. R. Civ. P. 16(e). Counsel are urged to move to amend in a timely fashion any portion of the Order that must be changed or modified between the filing of the Order and the trial date.

**APPEARANCES:**

<table>
<tr><td><strong>Attorney(s) for Plaintiff:</strong></td><td><strong>Attorney(s) for Defendant:</strong></td></tr>
<tr><td>

Stephanie Imbornone, NJ: #014022011
**GORDON REES SCULLY MANSUKHANI, LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2503
F: (973) 377-1911
simbornone@grsm.com

Joseph L. Meadows, VSB #92729
  (Admitted *pro hac vice*)
Courtney R. Abbott, VSB #82948
  (Admitted *pro hac vice*)
**GORDON REES SCULLY MANSUKHANI, LLP**
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
T: (202) 399-1009 / F: (202) 800-2999
jmeadows@grsm.com / cabbott@grsm.com

</td><td>

David W. Sufrin, NJ #031281995
**ZUCKER STEINBERG & WIXTED, P.A.**
415 Federal Street
Camden, NJ 08103
(856) 365-0080
dsufrin@zswlaw.com

</td></tr>
</table>

## I.   JURISDICTION and BRIEF SUMMARY OF THE CASE

*Counsel shall specifically set forth the jurisdictional basis of this action, as well as a brief summary of the claims and defenses.*

This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 (diversity) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees.

This case was filed on July 21, 2021.  It arises out of video and social media statements made and published by defendant in November 2020 that accused plaintiff of transporting a gun from Virginia to New Jersey, planting the gun in his house, and then conspiring with her daughters "L" and "J" to frame defendant for a weapons crime, as shown on YouTube and Facebook:

> *In addition to transporting, "the gun" up from Virginia and planting it for police to find while Andrew Burki was out of the state, Claire LaRoche, Esq. coached both of her daughters on how to frame Andrew Burki in police statements. . . . [YouTube 11/25/2020]*

> *The following evidence irrefutably shows that [L], 'orchestrated' the fraudulent gun charge along with Sarah Babaa and her mother Claire LaRoche. The four videos contain police interviews regarding the fraudulent gun charge with three of our neighbors and [L]'s sister, [J]. In the nearly one hour of police audio turned over during discovery from the Collingswood Police Department, [L] is never asked a single question about the gun. Additionally, strong evidence was suppressed from both the grand jury and multiple judges which indicates that Claire LaRoche drove the gun up from Virginia for the purpose of framing me.  [Facebook 11/28/2020]*

Plaintiff sues for defamation, false light, and tortious interference with prospective economic advantage.  Plaintiff seeks presumed, compensatory, and punitive damages, as well as pre- and post-judgment interest, reasonable attorney fees and costs, equitable relief to take down and retract the alleged defamatory statements, and for any other and further relief as the Court deems just and proper.  Defendant denies liability on the grounds that the alleged defamatory statements were true, that he did not make them with requisite fault (negligence or actual malice), and that plaintiff did not suffer damages.

Defendant counterclaims for violation of New Jersey and federal wiretap laws[1] and invasion of privacy in connection with an April 2021 recording of himself, minor "S" (the son of defendant and L, and grandchild of plaintiff), and a third-person.  Defendant seeks compensatory, punitive, and statutory damages, as well as reasonable attorney fees and costs incurred with respect to the wiretap claims, and for any other and further relief as the Court deems just and proper.  Plaintiff denies liability on the grounds that defendant had no reasonable expectation of privacy, that any recording was consented to, vicariously, by S because plaintiff and L were concerned for S's safety and security, and that defendant did not suffer damages.

---

[1] *See* N.J.S.A. 2A:156A-24; 18 U.S.C.A. § 2520.

II.   **STIPULATED FACTS**

*Stipulated facts shall be set forth in numbered paragraphs.*

Background

1.  Plaintiff is and has been a resident of Virginia.
2.  Plaintiff is the mother of adult daughters L and J and grandmother of a minor child, S, born between L and defendant.
3.  Defendant is and has been a resident of New Jersey.
4.  In November 2001, assault charges were brought against defendant for threatening a female and kicking another male in the face.
5.  In December 2001, defendant was convicted of disorderly conduct, threats against life/property, simple assault, and summoning an ambulance/emergency vehicle when none was needed.
6.  In 2002, defendant was convicted on federal charges for uttering or possessing counterfeit securities.

Family and Domestic Violence Matters

7.  In 2014, defendant and L married, and in 2016 bore a child, S.
8.  On February 3, 2020, New Jersey police arrested defendant and charged him with three counts of sexual assault, two counts of aggravated assault domestic violence, and one count of illegal possession of a high-capacity magazine firearm.
9.  Defendant spent 74 days in jail, and, on April 17, 2020, he pled guilty to a single count of fourth-degree criminal coercion for making threats against L. The original charges against defendant were dismissed with prejudice.
10. On July 10, 2020, the Superior Court of New Jersey sentenced defendant to time served and three years of probation on the conditions that he have no contact with L, that he complete anger management and batterer's counseling, that he abide by all child custody orders, and that he not be allowed to own, possess, or purchase a firearm.
11. In February 2020, temporary and final domestic violence restraining orders were entered against defendant.
12. In February and July 2020, online newspapers, including the Philadelphia Inquirer, South Florida Sun Sentinel, and NJ.com, wrote stories about the criminal and domestic violence matters involving defendant.
13. In June 2020, defendant initiated divorce and child custody proceedings against L, which culminated in a trial and then judgment in June 2022, which is currently on appeal.

The Alleged Defamation

14. In November 2020, defendant made and published video and social media statements that accused plaintiff of transporting a gun from Virginia to New Jersey, planting the gun in his house, and then conspiring with her daughters L and J to frame defendant for a weapons crime, as shown on YouTube and Facebook:

3

*In addition to transporting, "the gun" up from Virginia and planting it for police to find while Andrew Burki was out of the state, Claire LaRoche, Esq. coached both of her daughters on how to frame Andrew Burki in police statements. . . . [YouTube 11/25/2020]*

*The following evidence irrefutably shows that [L], 'orchestrated' the fraudulent gun charge along with Sarah Babaa and her mother Claire LaRoche. The four videos contain police interviews regarding the fraudulent gun charge with three of our neighbors and [L]'s sister, [J]. In the nearly one hour of police audio turned over during discovery from the Collingswood Police Department, [L] is never asked a single question about the gun. Additionally, strong evidence was suppressed from both the grand jury and multiple judges which indicates that Claire LaRoche drove the gun up from Virginia for the purpose of framing me. [Facebook 11/28/2020]*

15. Defendant made and published these statements from New Jersey.
16. These statements remained on the internet until, at the direction of a state court judge, defendant made them non-public, non-viewable after October 2021.
17. Defendant tagged these statements with the same online newspapers that had reported on his criminal and domestic violence matters, including the Philadelphia Inquirer, South Florida Sun Sentinel, and NJ.com.
18. Defendant posted links to these statements on Twitter.
19. It would have been unethical under the alleged circumstances for plaintiff, a lawyer, to be involved in planting a gun on defendant and framing him for a crime.  *See* Va. R. Prof. Conduct 8.4.

The Gun

20. The gun for which defendant was arrested in February 2020 was defendant's father's hunting rifle that had been given to defendant in 2017.
21. Defendant never saw the gun in Virginia.

## III.   EACH PLAINTIFF'S CONTESTED FACTS

1. Plaintiff intends to prove the following contested facts with regard to liability:

In November 2020, defendant made and published video and social media statements that accused plaintiff of transporting a gun across state lines, planting the gun in his house, and then conspiring with her daughters L and J to frame him for a weapons crime, as shown on YouTube and Facebook with emphasis added:

*In addition to transporting, "the gun" up from Virginia and planting it for police to find while Andrew Burki was out of the state, **Claire LaRoche, Esq.** coached both of her daughters on how to frame Andrew Burki in police statements. . . . [YouTube 11/25/2020]*

*The following evidence irrefutably shows that [L], 'orchestrated' the fraudulent gun charge along with Sarah Babaa and her mother **Claire LaRoche**. The four videos contain*

4

*police interviews regarding the fraudulent gun charge with three of our neighbors and [L]'s sister, [J]. In the nearly one hour of police audio turned over during discovery from the Collingswood Police Department, [L] is never asked a single question about the gun. Additionally, strong evidence was suppressed from both the grand jury and multiple judges which indicates that Claire LaRoche drove the gun up from Virginia for the purpose of framing me. [Facebook 11/28/2020]*

In total, these online statements reached hundreds of thousands of people. The statements are defamatory per se: they accuse plaintiff of crimes and acts of moral turpitude, dishonest and unethical conduct, and/or acts that prejudice plaintiff in her trade and profession. The statements were false: plaintiff did not transport any gun from Virginia (or anywhere else) and plant it in defendant's New Jersey house (or on defendant), nor did she conspire with her daughters (or anyone) to frame defendant for a weapons crime. In truth, the gun defendant references was his father's gun that had been given to defendant in 2018 and has remained in his possession or on his property ever since. Defendant made the defamatory statements with actual malice (or at least negligently), knowing them to be false or in reckless disregard for their truth or falsity.

Regarding defendant's counterclaims, defendant did not have a reasonable expectation of privacy during any recording, and any recording was consented to, vicariously, by S because plaintiff and L were concerned for S's safety and security.

2. Plaintiff intends to prove the following contested facts with regard to damages:

The defamatory statements caused plaintiff—a lawyer, college professor, and member of her local Virginia community—reputational injury and other damages. She has suffered embarrassment, humiliation, indignity, mental anguish, and emotional and physical distress. Moreover, plaintiff would have continued to perform well at Longwood University, receiving increased pay and/or a promotion, but for the defamation matter.

Regarding defendant's counterclaims, defendant did not suffer damages.

## IV.    EACH DEFENDANT'S CONTESTED FACTS

1. Defendant intends to prove the following contested facts with regard to liability:

2. Defendant intends to prove the following contested facts with regard to damages:

5

## IV (A) Defendant's Contested Facts

Defendant (AB) intends to show that the statements he made/published were true, substantially true and that he believed they were true.

Defendant intends to prove that the matter which was the subject of the publication was touching upon a matter of public importance or public concern, including the fact the criminal case was published in three major newspapers, as well as the subject of his plea and sentence, his incarceration for false charges and his ultimate vindication on rape and gun charges.  AB's sole purpose was to exonerate himself, not to defame the plaintiff, and there was neither intent nor malice underpinning his statements.

Alternatively, defendant intends to establish that the plaintiff was a public or quasi/semi-public figure; a published and distinguished author, law professor, legal scholar and commentator.

Finally, defendant intends to show that the plaintiff suffered no damages, economic or otherwise.

## IV (B) Counterclaim Facts

Counterclaimant (AB) intends to show that on more than one occasion and using more than one electronic listening device "a "wire" as defined by the statutes set forth below, Claire LaRoche and her daughter Liz Burki, planted, concealed and (in one case) installed and actually *sewed* devices, both in S.B.'s clothing and in his backpack, said devices (a USB) being cognizable as a wire or electronic communication intercept in violation of New Jersey law (N.J.S.A. 156A-2 a though d) 1 et seq) as well as Federal Law (18 USC 2511).

Counterclaimant will further show that Claire LaRoche's purpose in so acting was to intercept, eavesdrop and invade the privacy of Counterclaimant's conversations with his son, his friends, his lawyers and other professionals, his parents, his phone calls and other third parties in order to obtain an advantage in the pending divorce and custody trial, and in order to obtain information for use in that proceeding, including, but not limited to Mrs. Laroche's stated suspicion that Andrew Burki was having an inappropriate sexual or romantic relationship with Lisa Jensen, his then supervisor.  Counterclaimant will also show that Ms. LaRoche's actions were unjustified, illegal and in violation of the law, all of which will be partially based on the content of the USB device which AB fortuitously intercepted and offloaded.

Counterclaimant will also show that Claire LaRoche conspired with her daughter, LB to subsequently mislead the Superior Court of New Jersey in the event the wiretap was discovered

6

– something LB expressly did when she testified before the Hon. Sherri Schweitzer, JSC that she, and not her mother, sewed the wiretap into S.B.'s overalls into the center pocket where it was discovered. The recordings also captured Mrs. LaRoche as she dictated a letter to Mr. Guzzo about their activities and other conduct that contradicts her claims that the USB was necessary to protect S.B.

Counterclaimant notes that in the event he proves his claims, he is entitled to a measure of statutory damages for each instance/violation, both under State and Federal law, as well as an award of punitive damages.

## V.   WITNESSES and SUMMARY OF TESTIMONY

*Only the witnesses whose names and addresses are listed herein will be permitted to testify at the time of trial. For each witness listed, there must be a description of their testimony. Any objection to a witness must be noted by opposing counsel and for each such witness objected to, the name of the witness and the reason for the objection shall be given.*

A.   Plaintiff's Witnesses and Summary of Their Testimony[2]

1.  Plaintiff intends to call the following witnesses with regard to liability and anticipates they will testify as follows:

1.  Plaintiff Claire LaRoche, 13436 Francisco Rd, Farmville, VA 23901 -This witness will testify to defendant's online publication of the false and defamatory statements with negligence and/or actual malice. This witness will also testify as to safety and security concerns surrounding S and defendant.
2.  Ripon LaRoche, 13436 Francisco Rd, Farmville, VA 23901 – same above
3.  L, 931 Oriental Ave., Collingswood, NJ 08108 – same above
4.  J, 417 W Peace Street, Apt 948, Raleigh NC 47603 – same above
5.  Defendant Andrew Burki, c/o defense counsel – same above, plus his lack of reasonable expectation of privacy for any alleged illegal recording
6.  Linda Dowling, 340 W Crossing Dr, Mount Royal, NJ 08061-1122 – This witness will testify as to safety and security concerns regarding S.
7.  Dawn Schwartz, Assistant Professor of Accounting, Longwood University, 201 High Street, Farmville, VA 23909 – This witness may testify to the falsity of defendant's online publication of the false and defamatory statements, as well as plaintiff's concerns regarding S.

---

[2] At this time, plaintiff intends to call her liability, damages, and expert witnesses live at trial. Plaintiff reserves the right, however, to call out-of-state witnesses by deposition transcript/video and to use any defendant statements as party admissions in lieu of, or in addition to, live defendant testimony. Plaintiff also reserves the right to amend and supplement her list of witnesses, as well as call any witness listed by defendant, needed to authenticate or prove the admissibility of evidence, needed to summarize voluminous documents, or needed to impeach or rebut testimony or other evidence.

2.  Plaintiff intends to call the following witnesses with regard to damages and anticipates they will testify as follows:

1.  Plaintiff Claire LaRoche – This witness will testify that plaintiff—a lawyer, college professor, and member of her local Virginia community—suffered reputational injury and other damages, including embarrassment, humiliation, indignity, mental anguish, and emotional and physical distress.  Moreover, this witness will testify that plaintiff would have continued to perform well at Longwood University, receiving increased pay and/or a promotion, but for the defamation matter.

2.  Ripon LaRoche -- This witness will testify that plaintiff—a lawyer, college professor, and member of her local Virginia community—suffered reputational injury and other damages, including embarrassment, humiliation, indignity, mental anguish, and emotional and physical distress.

3.  L – same above

4.  J – same above

5.  Dawn Schwartz, Assistant Professor of Accounting, Longwood University, 201 High Street, Farmville, VA 23909 – same above, plus testimony that plaintiff would have continued to perform well at Longwood University, receiving increased pay and/or a promotion, but for the defamation matter.

6.  Bennie Waller, PhD, Culverhouse College of Business, University of Alabama, 361 Stadium Drive, Tuscaloosa, AL 35487- same above

7.  David Lehr, PhD, Professor of Economics and Department Chair, Longwood University, 201 High Street, Farmville, VA 23909

B.  <u>Defendant's Objections to Plaintiff's Witnesses</u>:  *If there are no objections to any of the witnesses, defendant shall so state that in this portion of the Order.  If there are objections to any of plaintiff's witnesses, they shall be listed here.*

Defendant has no objection to plaintiff's proposed witnesses.

C.  <u>Defendant's Witnesses and Summary of Their Testimony</u>

1.  Defendant intends to call the following witnesses with regard to liability and anticipates they will testify as follows:

2.  Defendant intends to call the following witnesses with regard to damages and anticipates they will testify as follows:

Andrew Burki – party/liability
Louis G. Guzzo, Esq. - will testify as to liability with respect to counterclaim, gun and rape allegations on defense
Lisa Jensen – will testify as to liability on counterclaim
Rogan O'Donnell – liability on counterclaim defense of liability on defamation claim
Nick Angelo – liability on counterclaim and liability defense/defamation
Elizabeth Burki – liability and damages, both in terms counterclaim and in defense of defamation

Julia LaRoche – liability and damages, both in terms counterclaim and in defense of defamation
Claire LaRochione – party
Judith Forchione - liability on defamation claim
Chelsea Nilsson – liability on defamation claim
Cathline Maher – liability on defamation claim
Gregory Joseph,. Psy.D. – liability on defamation and counterclaim
Detective James Cavanaugh, CCPO – liability on defamation; CCPO testified before grand jury as to rape allegations, took all statements and testified at GJ on 3/11/20 with respect to gun and rape allegation, discovery of gun, etc.

D. <u>Plaintiff's Objections to Defendant's Witnesses</u>:  *If there are no objections to any of the witnesses, plaintiff shall so state that in this portion of the Order.  If there are objections to any of defendant's witnesses, they shall be listed here.*

Plaintiff has no objection to defendant's proposed witnesses, except as follows:

- Defendant has not provided addresses and/or description of testimony for each witness.
- Plaintiff objects to any testimony by Louis Guzzo, Esq. (counsel for L) that may invade attorney-client privilege or work product protections.
- Plaintiff objects to any testimony by Gregory Joseph, Psy.D. (including rebuttal only) as not factual testimony and, instead, purported non-designated expert witness testimony for which defendant failed to comply with Federal Civil Rule 26(a)(2) and the Amended Scheduling Order (ECF 84) in this case.
- Plaintiff otherwise reserves for trial her objections to specific testimony that may not be relevant or otherwise admissible.

## VI.   **EXPERT WITNESSES**

*Any prior Scheduling Order of the Court concerning experts is applicable to this action and the directives of the Scheduling Order shall govern expert testimony in this case.  Any expert not listed in this portion of the Joint Final Pretrial Order shall not be permitted to testify at the time of trial.  Additionally, the <u>curriculum vitae</u> of every expert expected to testify at the time of trial shall be attached to this Joint Final Pretrial Order.  The <u>curriculum vitae</u> or summary of the expert's qualifications may be read into the record at the time the expert takes the stand, and no opposing counsel shall be permitted to question the qualifications of the expert unless the basis of the objection is set forth in this Joint Final Pretrial Order.  No expert will be permitted to testify at trial unless all opposing counsel have received the <u>curriculum vitae</u> of the expert and the information required by Fed. R. Civ. P. 26(a)(2) as directed in the Scheduling Order.*

*If any hypothetical questions are to be put to an expert witness on direct examination, they shall be written in advance and submitted to the Court and counsel prior to commencement of trial.*

1. Plaintiff's expert witnesses are:

Dr. Robin Lynch, PhD, a licensed psychologist and child custody expert, whose Rule 26(a)(2) disclosures and expert report were timely served on defendant on September 28, 2022. *See* ECF #84 (Amended Scheduling Order). Dr. Lynch will testify that known indicators of risk of abuse of S by defendant were present as of April 2021, which is when defendant alleges plaintiff illegally wiretapped him and invaded his privacy.

2. Defendant's objection to the qualifications of plaintiff's expert witnesses are (*objections shall be referenced to the name of each listed expert*):

None.

3. Defendant's expert witnesses are:

~~Gregory Joseph, Psy.D., in the event rebuttal testimony is necessary—but only factually, and not with respect to any expert testimony.~~ *AML*

4. Plaintiff's objections to the qualifications of defendant's expert witnesses are (*objections shall be referenced to the name of each listed expert*):

Plaintiff objects to any testimony by Gregory Joseph, Psy.D. (including rebuttal only) as not factual testimony and, instead, as purported non-designated expert witness testimony for which defendant failed to comply with Federal Civil Rule 26(a)(2) and the Amended Scheduling Order (ECF 84) in this case.

## VII.  EXHIBITS

*In this section of the Joint Final Pretrial Order, counsel should number each proposed exhibit and upon receipt of the exhibit list of an adversary, opposing counsel should prepare a response to this exhibit list indicating as to each exhibit whether there will be an objection and if there is, the nature of the objection. Absent an extraordinary showing of good cause, **ONLY THE EXHIBITS LISTED BELOW SHALL BE INTRODUCED AT THE TIME OF TRIAL**. You are not required to list exhibits that will be used, if at all, only for impeachment purposes.*

*Counsel are reminded that each such exhibit shall be physically pre-marked corresponding to the designation below. Copies of exhibit lists shall be provided to the District Judge and the assigned court reporter at the time of trial.*

The Court shall strike Defendant's designation of Gregory Joseph, Psy.D. as a testifying expert without prejudice to Plaintiff's right to object to the extent Defendant seeks to introduce Dr. Joseph's reports or prior testimony as set forth on the record on 10/11/23.

10

A. Plaintiff's Exhibits[3]

1. Plaintiff intends to introduce the following exhibits into evidence (*list by number with a description of each exhibit*):

*See* Exhibit 1.  Plaintiff contends that defendant has not objected to her trial exhibits pursuant to the instructions for this joint final pretrial order and reserves all rights accordingly.

2. Defendant objects to the introduction of plaintiff's exhibits (*set forth number of exhibit and grounds for objection*):

Defendant reserves the right to make such objections as may be available with respect to foundation, relevance, admissibility, authenticity and any other objections that may arise and any other objections permitted under the Fed. R. Evid.  To the extent any video or document is properly authenticated and relevant, we cannot object to same.  Neither the local nor Federal Rules obligate Mr. Burki to object or stipulate to the admissibility, pre trial, of every trial exhibit.

B. Defendant's Exhibits

1. Defendant intends to introduce the following exhibits into evidence (*list by number with a description of each exhibit*):

*See* Exhibit 2.

2. Plaintiff objects to the introduction of defendant's exhibits (*set forth number of exhibit and grounds for objection*):

*See* Exhibit 2 (with plaintiff's specific objections).  In general, plaintiff contends that defendant has (1) failed to sufficiently describe and/or identify (*e.g.*, bates number, deposition exhibit number, production date) his proposed trial exhibits; (2) included numerous duplicate copies (in whole or in part) of exhibits; (3) failed to demonstrate that exhibits were produced in discovery in this case; and (4) included large numbers of exhibits from state court matters that are hearsay and irrelevant.  Plaintiff reserves all rights accordingly.

VIII.   **LAW**

A. Plaintiff

1. Plaintiff's statement of the legal issues in this case:

*Defamation.*  Whether defendant (1) made and published statements about plaintiff to a

---

[3] Plaintiff reserves the right to amend and supplement her list of exhibits, and introduce demonstrative evidence and exhibits listed by defendant or needed to refresh or record recollections, or impeach or rebut testimony or other evidence.

third party, (2) that are false and defamatory, (3) at least negligently without due care, and (4) resulted in reputational injury and other damages.[4] For presumed damages, whether the statements are defamatory per se because they accuse plaintiff of crimes and acts of moral turpitude, dishonest and unethical conduct, and/or acts that prejudice plaintiff in her trade and profession.[5] For compensatory damages, whether the statements tend to subject plaintiff to "hatred, contempt or ridicule" or "cause[ ] others to lose good will or confidence" in her or "lower [her] in the estimation of the community or to deter third persons from associating or dealing with [her]."[6] For punitive damages, whether defendant made the statements willfully, wantonly, and/or with actual malice, knowing that they were false or recklessly disregarding their truth or falsity.[7]

   *False Light*. Whether defendant (1) placed plaintiff in a false light that would be highly offensive to a reasonable person and (2) knew of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which plaintiff would be placed.[8]

   *Tortious Interference with Prospective Business Advantage*. Whether (1) plaintiff had a reasonable expectation of economic advantage, (2) defendant intentionally and maliciously interfered with that right, (3) the interference caused the loss of the prospective gain, and (4) but for the interference, there was a reasonable probability that plaintiff would have received the

---

[4] *See Feggans v. Billington*, 677 A.2d 771, 775 (N.J. Super. Ct. App. Div. 1996); *LY Berditchev, Corp. v. Truss Cosmetics Corp.*, 2023 WL 334539, at *7 (D.N.J. Jan. 20, 2023); *Tharpe v. Saunders*, 737 S.E.2d 890, 892 (Va. 2013). The Court will apply New Jersey defamation law as the law of the forum state because there is no conflict of laws between Virginia (where Claire lives and suffered reputational harm) and New Jersey (where defendant lives and made the defamatory statements). The Court will also apply New Jersey punitive damages law. *See Freedom Mort. Corp. v. LoanCare, LLC*, 2023 WL 4366288 (D.N.J. July 6, 2023) (applying New Jersey punitive damages law over Virginia law given the "location of the wrongdoer's conduct, principal place of business, and incorporation state" under New Jersey's most-significant-relationship test for punitive damages).

[5] *See W.J.A. v. D.A.*, 43 A.3d 1148, 1154 (N.J. 2012) ("Presumed damages apply in libel cases."); *Mayflower Transit, LLC v. Prince*, 314 F.Supp.2d 362, 377 (D.N.J. 2004) ("if a defamatory statement constitutes libel per se, damages are presumed to exist and need not be shown"). *See also G.D. v. Kenny*, 15 A.3d 300, 310 (N.J. 2011) ("A statement falsely attributing criminality to an individual is defamatory as a matter of law.") (citation omitted); *Ward v. Zelikovsky*, 643 A.2d 972, 977 (N.J. 1994); *Printing Mart-Morristown v. Sharp Electronics Corp.*, 563 A.2d 31, 45 (N.J. 1989); *Lawrence v. Bauer Pub. & Printing Ltd.*, 446 A.2d 469, 473 (N.J. 1982) (holding that even a statement that plaintiffs "may be" charged with a crime defamatory as a matter of law).

[6] *LY Berditchev, Corp.*, 2023 WL 334539, at *7 (citing New Jersey cases); *Ward*, 643 A.2d at 978 (quotations and citation omitted).

[7] *See Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 668 (1989); *Herbert v. Lando*, 441 U.S. 153, 160, 164 n.12, 165 n.15 (1979) (referencing actual malice factors such as "prior or subsequent defamations, subsequent statements of the defendant, circumstances indicating the existence of rivalry, ill-will, or hostility between the parties").

[8] *See Iglesias v. O'Neal*, No. CV 16-6291 (RBK/AMD), 2020 WL 416197, at *3 (D.N.J. Jan. 27, 2020).

anticipated economic benefits.[9]

*Defendant's Wiretap & Invasion of Privacy Counterclaims.* Whether (1) defendant had a reasonable expectation of privacy during any recording[10] and (2) any recording was consented to, vicariously, by S because plaintiff and L were concerned for S's safety and security.[11] For punitive damages, whether there was "an evil minded act accompanied by a willful and wanton disregard of the rights of others."[12]

B. Defendant

1. Defendant's statement of the legal issues in this case:

PLAINTIFF'S DEFAMATION CLAIMS

PLAINTIFF'S CLAIMS AND THE DEFENSE TO THOSE CLAIMS WILL BE FACT SENSITIVE AND WE DISAGREE THAT A SLANDER PER SE DETERMINATION IS APPROPRIATE AT THIS TIME, NOR WOULD THE DEFENSES TO SAME BE AVAILABLE UNTIL TESTIMONY AT TRIAL, E.G. WHETHER PLAINTIFF IS A LIMITED PURPOSE PUBLIC FIGURE OR WHETHER DEFENDANT'S STATEMENTS TOUCH UPON AN ISSUE OF LEGITIMATE PUBLIC CONCERN (E.G. HIS ARREST ON FALSE RAPE AND GUN CHAARGES AND HIS PLEA DEAL)

We agree that slander per se does not require actual or special damages. In fact no damages need to be shown. Absent a per se finding, however, a statement is defamatory if it is false, communicated to a third person, and tends to lower the subject's reputation in the estimation of the community or to deter third persons from associating with the subject. Lynch v. N.J. Educ. Ass'n, 161 N.J. 152, 164-65, 735 A.2d 1129 (1999).

We disagree with your claim that the statement is defamation per se, which has several exceptions, including statements made with respect to a public concern – his arrest and incarceration for sexual assault and gun charges – Mr. Burki's intent to exonerate himself after the postings in local newspapers you referenced in your Order. We also intend to prove that Mr. Burki's statements were true and that he believed them to be so. Truth is a defense to all forms of defamation, so the question of whether or not the statement published was true and whether or not Claire LaRoche is a semi or quasi public figure must

---

[9] *See Printing Mart-Morristown v. Sharp Electronics Corp.*, 563 A.2d 31, 37 (N.J. 1989).

[10] *See* N.J.S.A. 2A:156A-24; 18 U.S.C.A. § 2520. *See also Hornberger v. Am. Broad. Cos., Inc.*, 799 A.2d 566, 590-92, 595 (N.J. Super. Ct. App. Div. 2002) (discussing "reasonable expectation of privacy" in context of wiretap claim).

[11] *See D'Onofrio v. D'Onofrio*, 780 A.2d 593, 596-98 (N.J. Super. Ct. App. Div. 2001); *Cacciarelli v. Boniface*, 737 A.2d 1170, 1173 (N.J. Super. Ct. Ch. Div. 1999) (both cases addressing "vicarious consent" to recording by child through parent or guardian concerned for best interests of child and including consent factors).

[12] *M.G. v. J.C.*, 603 A.2d 990, 995 (N.J. Super. Ct. Ch. Div. 1991).

be determined by the jury.  See, e.g. <u>Rocci v. Ecole Secondaire Macdonald-Cartier</u>, 165 N.J. 149, 156-57, 755 A.2d 583 (2000)(plaintiff obligated to prove actual damages for libel about matter of public concern); <u>Pitts v. Newark Bd. of Educ.</u>, 337 N.J.Super. 331, 338 (App.Div.2001) ("even if defendant's pronouncement . . . could be viewed ass slander per se plaintiff was still required to prove actual damages" because the speech involved a matter of public concern); <u>Stickle v. Trimmer</u>, 50 N.J.Super. 518, 522, 143 A.2d 1 (App. Div.) ("Damages is presumed in the case of all defamatory libels, as distinguished from slanders."), *certif. denied*, 28 N.J. 57 (1958); <u>Herrmann v. Newark Morning Ledger Co.</u>, 48 N.J.Super. 420, 446, (App..Div. 1958) same).  See <u>Jobes v. Evangelista</u>, 369 N.J.Super,. 384 (App.Div.2004).   A statement is defamatory if it is false, communicated to a third person, and tends to lower the subject's reputation in the estimation of the community or to deter third persons from associating with the subject. <u>Lynch v. N.J. Educ. Ass'n</u>, 161 N.J. 152, 164-65, 735 A.2d 1129 (1999).

We also do not agree that merely alleging that Claire LaRoche "transported the firearm to New Jersey" e.g. across state lines is a felony – especially considering the recent decisions in the Third Circuit with respect to who may possess and transport firearms.  There is no felony alleged in that part of his statement.  And, while providing false information to police is a felony, we contend that Mr. Burki alleged that it was Liz, not Claire, who did that.  Ultimately this will be a question of law for the trial judge after the testimony is in.

The basic nature of it is "whether AB believed his statements to be true" and also, "whether or not the statements were objectively true.  Whether the statements touched upon a matter of public concern, and whether or not Claire LaRoche could be construed as a limited purpose public figure, as noted in <u>McLaughlin v. Rosanio, Bailets & Talamo</u>, 331 N.J.Super. 303 (App.Div.2000); <u>Costello v. Ocean County Observer</u>, 136 N.J. 594, 612 (1994); <u>Fortenbaugh v. New Jersey Press, Inc.</u>, 317 N.J. Super. 439, 455 (App.Div.1999).

DEFENDANT'S "WIRETAP" VIOLATIONS ARE DISTILLED AS FOLLOWS:

Under both forms of wiretap act (Federal and State) the proofs are essentially identical:

"It is illegal to intentionally  or purposefully intercept disclose or use the contents of any wire, oral or electronic communication through the use of a device."

Therefore, the question presented would be whether or not Claire LaRoche attempted to or did intentionally or deliberately intercepted Mr. Burki's communications through the use of an electronic device – e.g. the USB device that Andrew Burki discovered sewn into his son's overalls, all as documented on the recordings that were discovered in which Ms. LaRoche talks about other recordings and wanting "a few more hours" of recording and will "shut it down".

"Device' is defined as a "mechanical or electrical tool or apparatus," such as the USB device discovered in S.B.'s clothing.

There are no exceptions to either New Jersey or Federal law – good faith or otherwise.  We

14

argue that <u>D'Onofrio</u> is inapplicable.

## IX.   **MISCELLANEOUS**

*Set forth any additional stipulations of counsel and/or motions on other matters which require action of the Court.*

*Set forth any notice required to be given under Rules 404(b), 609(b), 803(24) and 804(b)(5), Federal Rules of Evidence.*

1.  Plaintiff intends to use evidence of criminal convictions older than 10 years against defendant. *See* Fed. R. Evid. 609(b)(2).

Defendant stipulates to the criminal charges and their disposition above, but objects to their admission as both irrelevant and too remote pursuant to Fed. R. Evid. 608 and 404. The events were 20 years ago.

Plaintiff disputes that the criminal charges and dispositions are irrelevant, too remote, or that all are over 20 years old. Plaintiff intends to introduce the criminal matters to show relevant genuine concern for the safety and security of the minor child "S," not for prohibited character evidence purposes.

2.  Plaintiff requests that defendant conduct his direct counterclaims examinations of witnesses called by plaintiff in her case-in-chief following his cross examinations of those witnesses, or in a similar fashion such that witnesses called by plaintiff do not have to be recalled in defendant's case-in-chief. *See* Fed. R. Evid. 611.

Defendant will leave the order of proofs as well as the cross/direct of plaintiff's witnesses on the Counterclaim up to the trial court, but does not necessarily object to presenting the counterclaim proofs during cross examination.

3.  Plaintiff reserves the right to call witnesses by remote or phone means if mutually agreed by the parties and approved by the Court for good cause. *See* Fed. R. Evid. 611; Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.").

4.  The parties agree on providing each other a minimum 24 hours notice of planned witness testimony and whether the witness will be called live, remote, or by deposition, but not the exact order of witness testimony.

5.  The parties agreed on deadlines for deposition designations (October 16 for direct and October 23 for counter). *See* ECF 137.

6.  Plaintiff advises the Court that the parties have a number of disputes related to trial exhibits that plaintiff, at least, would like resolved before trial in the interest of securing

the "just, speedy, and inexpensive determination" of the trial.  *See* Fed. R. Civ. P. 1.  This includes the following:

a.  Defendant failed to object to each of plaintiff's trial exhibits pursuant to the instructions for this joint final pretrial order.  Plaintiff, on the other hand, provided her specific objections to each of defendant's trial exhibits.  *See* Exhibit 2 (with plaintiff's specific objections).

b.  Plaintiff lodged numerous objections to defendant's trial exhibits.  Excluding the many relevance and hearsay objections, plaintiff objected to defendant's failure to sufficiently describe and/or identify (*e.g.*, bates number, deposition exhibit number, production date) his exhibits; defendant's failure to de-duplicate his exhibits (in whole or in part); and defendant's failure to demonstrate that his exhibits were produced in discovery in this case – simply because an exhibit exists or that defendant used an exhibit in state or other court proceedings does not satisfy defendant's discovery obligations in this case.

c.  Defendant declined to agree on exchanging copies of pre-marked trial exhibits by October 19, 2023, as suggested by plaintiff.

d.  Defendant declined to agree on marking exhibits as "Pl. Trial Ex. No." or "Def. Trial Ex. No.", as suggested by plaintiff.

e.  Defendant declined to agree on providing a minimum 24 hours notice of planned use of demonstratives, providing a copy of same where feasible, both as suggested by plaintiff.

## X.   **NON-JURY TRIAL (not applicable)**

## XI.   **JURY TRIAL**

*No later than seven days prior to the scheduled trial date or at such time as the Court may direct:*

*1.  Each party shall file a <u>trial brief</u> or memorandum with citations and authorities and arguments in support of the party's position on all issues of law.*

*2.  Each party shall file <u>proposed requests for charges to the jury</u>.  Supplemental requests to charge that could not have been anticipated may be submitted any time prior to the arguments to the jury.  All requests for charge shall be on a separate page or pages, plainly marked with the name and number of the case; shall contain citations of supporting authorities; shall designate the party submitting same; and shall be numbered in sequence.*

*3.  Each party shall file <u>proposed voir dire questions</u>.*

*Copies of filed trial briefs, proposed requests for charges to the jury, and proposed voir dire questions shall also be sent to the District Judge in paper and electronic form (Microsoft*

*Word).*

  *EACH OF THESE ITEMS IS TO BE FILED PRIOR TO THE FIRST TRIAL DATE EVEN IF THE CASE IS CONTINUED.*

  *COUNSEL ARE ON NOTICE THAT FAILURE TO PROVIDE TIMELY COMPLIANCE WITH THE REQUESTS OF PART X AND XI MAY RESULT IN THE POSTPONEMENT OF TRIAL AND THE ASSESSMENT OF JUROR AND OTHER COSTS AND/OR THE IMPOSITION OF SANCTION.*

***

## CONCLUDING CERTIFICATION

We hereby certify by the affixing of our signatures to this Joint Final Pretrial Order that it reflects the efforts of all counsel and that we have carefully and completely reviewed all parts of this Order prior to its submission to the Court. Further, it is acknowledged that amendments to this Joint Final Pretrial Order will not be permitted except where the Court determines that manifest injustice would result if the amendment is not allowed.

| Attorney(s) for Plaintiff: | Attorney(s) for Defendant: |
|---|---|
| */s/Stephanie Imobronone*<br>Stephanie Imbornone, NJ: #014022011<br>**GORDON REES SCULLY MANSUKHANI, LLP**<br>18 Columbia Turnpike, Suite 220<br>Florham Park, NJ 07932<br>T: (973) 549-2503<br>F: (973) 377-1911<br>simbornone@grsm.com<br><br>Joseph L. Meadows, VSB #92729<br>  (Admitted *pro hac vice*)<br>Courtney R. Abbott, VSB #82948<br>  (Admitted *pro hac vice*)<br>**GORDON REES SCULLY MANSUKHANI, LLP**<br>277 S. Washington Street, Suite 550<br>Alexandria, Virginia 22314<br>T: (202) 399-1009 / F: (202) 800-2999<br>jmeadows@grsm.com / cabbott@grsm.com | */s/David W. Sufrin*<br>David W. Sufrin, NJ #031281995<br>**ZUCKER STEINBERG & WIXTED, P.A.**<br>415 Federal Street<br>Camden, NJ 08103<br>(856) 365-0080<br>dsufrin@zswlaw.com |

Entry of the foregoing Joint Final Pretrial Order is hereby APPROVED this 11ᵗʰ day of October, 2023.

_____
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE
United States District Court
for the District of New Jersey

*[Handwritten note: New exhibit lists to be provided to Court as set forth on the record on 10/11/23]*

### EX. 1 - FINAL JOINT PRETRIAL ORDER
### PLAINTIFF'S LIST OF TRIAL EXHIBITS

| Pl. Trial Ex. No. | Title or Description | Bates No. | Other Ref. No. | Defendant's Objection |
|---|---|---|---|---|
| 1 | 11/25/2020 YouTube defamatory video posted by Burki (electronic form) | | Opp'n MSJ Ex. 12 | |
| 2 (a-d) | 11/28/2020 Facebook defamatory videos posted by Burki (electronic form) | | Opp'n MSJ Ex. 13 | |
| 3 | Screenshots of select Andrew Burki social media posts re Claire LaRoche | LaRoche 39-43, 49-51, 58-60 | Burki Dep. Ex. 4/ Opp'n MSJ Ex. 11 | |
| 4 | Transcripts of Andrew Burki Facebook posts (corresponding to Trial Ex. 2d & 2a) | LaRoche 281-292 | Burki Dep. Ex. 5 | |
| 5 (a-c) | 1/31/2020 video clips of Liz LaRoche & Julia LaRoche locating gun at Burki residence | LaRoch 238-240 | | |
| 6 | Photo of Instruction Manual for Ruger Model 10/22 Carbine | LaRoche 16 | | |
| 7 | 1/31/2020 – 2/3/2020 text messages between Claire LaRoche & Julia LaRoche | LaRoche 207-216 | Opp'n MSJ Ex. 15 | |
| 8 | 1/31/2020 - 2/3/2020 text messages between Claire LaRoche & Liz LaRoche | LaRoche 217-222 | | |
| 9 | 2/1/2020 – 2/3/2020 text messages between Claire LaRoche & Dawn Schwartz | LaRoche 20-25 | Schwartz Dep. Ex. 1 | |
| 10 | February 2020 LaRoche EZPass Account Statement | LaRoche 28 | Opp'n MSJ Ex. 17 | |
| 11 (a-d) | 2/3/2020 audio recording of NJ Police Interview of Andrew Burki ("Andrew Tape 3 (VIDEO)" from Burki production) (clips regarding firearms charge)<br><br>a. 0-1:50<br>b. 59:30-1:05:35<br>c. 1:08:25-1:10:46<br>d. 1:13:52-1:16:45 | | | |
| 12 | 2/7/2020 NJ.com article on Andrew Burki charges and arrest:  Prominent N.J. recovery advocate accused of aggravated sexual assault, weapons charges | | Burki Dep. Ex. 8 / Opp'n MSJ Ex. 9 | |
| 13 | 2/10/2020 South Florida Sun Sentinel article re Burki: Addiction recovery advocate charged with sexual assault | | Burki Dep. Ex. 8 / Opp'n MSJ Ex. 9 | |

| Pl. Trial Ex. No. | Title or Description | Bates No. | Other Ref. No. | Defendant's Objection |
|---|---|---|---|---|
| 14 | 7/10/2020 Philadelphia Inquirer South Jersey recovery advocate sentenced to probation in sex-offense case involving his wife | | Burki Dep. Ex. 8 / Opp'n MSJ Ex. 9 | |
| 15[1] | 9/2/2020 Andrew Burki's Certification in Reply to Defendant's Certification in Opposition to Plaintiff's Motion and in Opposition to Cross-Motion | LaRoche 903-913 | Burki Dep. Ex. 14 / Opp'n MSJ Ex. 18 | |
| 16 | 11/17/2020 Certification of Andrew Burki in Support of Notice of Motion | LaRoche 570-579 | Burki Dep. Ex. 15 / Opp'n MSJ Ex. 19 | |
| 17 (a-b) | 7/14/2022 clips from Tape 2 of video deposition of Andrew Burki<br><br>a.   1:02:20-1:03:58<br>b.   1:52:13-1:54:56 | | Opp'n MSJ Ex. 20 (a) | |
| 18 | 10/8/2021 Sara Babaa, *et al.* v. Andrew Burki, Third Amended Complaint & Demand for Jury Trial (Case No. 9:21-cv-80013-xxx) (S.D. Fla. 2021) | | | |
| 19 | Claire LaRoche Curriculum Vitae | LaRoche 224-228 | | |
| 20 | 2/15/2022 VA State Bar Certificate of Good Standing for Claire LaRoche | LaRoche 186 | | |
| 21 | 9/2023 SC State Bar Certificate of Good Standing for Claire LaRoche | | | |
| 22 | Longwood University Professor Ratings for Claire LaRoche | LaRoche 189-205 | Opp'n MSJ Ex. 2 | |
| 23 | 2013-2021 Longwood University Annual Performance Evaluations for Claire LaRoche | LaRoche 229-237; 241-254 | | |
| 24 | 9/28/21 Certification of Health Care Provider for Employees' Serious Health Condition under the FMLA | LaRoche 258-261 | | |
| 25 | 2/4/2020 NJ Domestic Violence Civil Complaint & Temporary Restraining Order against Andrew Burki | LaRoche 29-34 | Burki Dep. Ex. 6 | |
| 26 | 2/24/2020 NJ Superior Court, Camden County, Chancery Division, Family Party, Final Restraining Order against Andrew Burki | LaRoche 35-38 | Burki Dep. Ex. 7 | |
| 27 | 1/15/2021 NJ Superior Court, Camden County, Chancery Division, Family Party Order modifying Final Restraining Order against Andrew Burki | LaRoche 369 | Burki Dep. Ex. 20 | |

---

[1] Plaintiff's Exhibits 15 and 16 consist of sworn certifications by Defendant Andrew Burki submitted in connection with the family law matters in N.J. Superior Court, Camden County, Chancery Division, Family Part.

| Pl. Trial Ex. No. | Title or Description | Bates No. | Other Ref. No. | Defendant's Objection |
|---|---|---|---|---|
| 28 | 4/28/2021 NJ Superior Court, Camden County, Chancery Division, Family Party Order denying Andrew Burki Motion to Vacate Final Restraining Order | LaRoche 428 | Burki Dep. Ex. 20 | |
| 29 | 7/7/2021 NJ Superior Court, Camden County, Chancery Division, Family Party Order sustaining April 28, 2021 FRO against Andrew Burki | LaRoche 90 | Burki Dep. Ex. 20 | |
| 30 | 2/6/2023 Per Curiam Opinion of the Superior Court of New Jersey, Appellate Division (Docket No. A-3241-20) (affirming denial of motion to vacate Final Restraining Order) | | Opp'n MSJ Ex. 7 | |
| 31 | 9/2020 – 3/2021 audio files of conversations between Andrew Burki & S.B.<br><br>a. 3/13/2021 AB tells Sav they are stuck in NJ-13 yr 1 month clip<br>b. 11/26/2020 Thanksgiving<br>c. 11/22/2020 "Don't Like It When You Say My Family is Bad"<br>d. 11/11/2020 Bad rest of life and will need to fight<br>e. 11/2/2020 Bad people have kept us from getting together<br>f. 11/2020 Harmful Comments Compilation<br>g. 10/22/2020 Bad choices & monsters<br>h. 9/28/2020 Discussion re bad people<br>i. 9/23/2020 Compilation of harmful comments & name calling<br>j. 9/23/2020 Bad guys | LaRoche 854<br><br>LaRoche 857<br>LaRoche 858<br><br>LaRoche 859<br>LaRoche 860<br><br>LaRoche 861<br>LaRoche 862<br>LaRoche 863<br>LaRoche 864<br><br>LaRoche 865 | | |
| 32 | Transcripts of recordings of conversations between Andrew Burki & S.B.<br><br>a. "Don't Like It When You Say My Family is Bad"<br><br>b. "Nov. 2 Bad People"<br><br>c. "Harmful Comments Name Calling"<br><br>d. "Thanksgiving"<br><br>e. "Harmful Comments" | LaRoche 304-306<br>LaRoche 307-309<br>LaRoche 310-317<br>LaRoche 325-340<br>LaRoche 341-350 | | Use as listening aid only |

| Pl. Trial Ex. No. | Title or Description | Bates No. | Other Ref. No. | Defendant's Objection |
|---|---|---|---|---|
| 33 | Nick Angello social media posts | LaRoche 111-115 | Burki Dep. Ex. 10 | Foundation |
| 34 | Photos of bruises found on S.B. (photos only) | LaRoche 118-120, 122-132 | | |
| 35 | 2/5/2020 Affidavit of Elizabeth Franklin | LaRoche 100 | Def.'s Tr. Ex. 197 | Objection |
| 36 | 2/5/2020 Sworn Statement of Laura Kunz | LaRoche 101 | Def.'s Tr. Ex. 200 | Objection |
| 37 | 2/6/2020 Affidavit of Elizabeth Dorrow | LaRoche 99 | Def.'s Tr. Ex. 198 | Objection |
| 38 | 3/5/2020 Sworn Statement of Sarah M. Babaa | LaRoche 95-98 | | Objection |
| 39 | Social media posts re: other victims of Andrew Burki | LaRoche 102-104 | | |
| 40 | Salt Lake City, UT Police Dept. records re 11/15/2001 criminal assault incident for Andrew Burki | LaRoche 8-15 | | Reserve right to object on remoteness and prejudice |
| 41 | South Salt Lake Justice Court, Salt Lake County, State of Utah 2001-2002 criminal records (certified copy) | | | Reserve right to object on remoteness and prejudice |
| 42 | 11/22/2002 U.S. District Court of Utah Judgment of Conviction against Andrew Burki (Case# 2:02-CR-169-001 DAK) (certified copy) | LaRoche 3-7 | | Reserve right to object on remoteness and prejudice |
| 43 | 4/14/2020 Andrew Burki New Jersey Judiciary Plea Form | | | |
| 44 | 4/17/2020 Transcript of Andrew Burki Plea Hearing (Superior Court of NJ, Law Division, Criminal Part, Camden County, Indictment No. I-0636-03-20) | | | |
| 45 | 7/10/2020 Transcript of Court Sentence for Andrew Burki (Superior Court of NJ, Law Division, Criminal Part, Camden County, Indictment No. I-0636-03-20) | | | |
| 46 | 7/13/2020 Superior Court of NJ, Camden County Judgment of Conviction (certified copy) | | Opp'n MSJ Ex. 5 / Burki Dep. Ex. 11 | |
| 47 | 7/28/2020 Burki Certificate of Completion of Domestic Violence Class Course for Violence | LaRoche 957 | Burki Dep. Ex. 12 | |

4

| Pl. Trial Ex. No. | Title or Description | Bates No. | Other Ref. No. | Defendant's Objection |
|---|---|---|---|---|
| 48 | 2/6/2023 Per Curiam Opinion of the Superior Court of New Jersey, Appellate Division (Docket No. A-1942-20) (affirming criminal conviction) | | Opp'n MSJ Ex. 6 | |
| 49 | 11/29/2021 Andrew Burki's Responses to Claire LaRoche's Requests for Admission (signed under oath) (RFAs ## 1-2, 5, 7, 12-13, 15) | | Burki Dep. Ex. 2 / Opp'n MSJ Ex. 10 | |
| 50 | 12/15/2021 & 12/21/2021 Andrew Burki's Responses & Objections to Claire LaRoche's Interrogatories & Request for Production of Documents (including supplemental responses) (signed under oath) (IROG#s 5, 15) | | Burki Dep. Ex. 3 | |
| 51 | Deposition Party Admissions by Defendant | | Burki Dep. | |
| 52 | Defendant Summary Judgment Memorandum of Law (Excerpts) | | Def. MSJ | |

Robin M. Lynch, PhD

P.O.Box 158, Riverdale Avenue Bronx, NY 10471

NYS license #013654

Education

1996    Columbia University Ph.D. Social Psychology

1983    Teachers College, Columbia University, M.A., Ed.M.  Psychological Counseling

1978    Tulane University, Sophie Newcomb College B.A. Dramatic Literature

Professional Experience

2015    Psychological Consultant: Evaluation, assessment, counseling, and psychotherapy services to in-patient population; The Ferncliff Nursing Home, Rhinebeck, New York.

2000    National consultant on high conflict child custody cases, providing peer review and consulting services for child custody cases on appeal.

1999    Child Custody Evaluator appointed to the Appellate Division, Panel of Mental Health Professionals: First and Second Departments: Child custody consultant in New York City and Westchester Family and Supreme Court; concentration on "high-conflict" cases. Through the auspices of the Appellate Division, First Department, and the Forensic Division of the New York State Psychological Association, conduct workshops on the psychological issues pertaining to custody evaluations including affect dysregulation theory, primary attachment theory and the identification of trauma related to domestic violence and child abuse for psychologists conducting child custody evaluations.

1999-2007    Staff Psychologist:  New York State Residential Facility, Mohegan Lake, N.Y. Provide psychotherapy based on the ART method (Affect Regulation Therapy) for mentally disabled residents the majority of whom were elderly.

1998-2002    Hudson River Counseling Service, Inc., Mount Kisco, N.Y. Psychologist: Provided individual counseling to adults and adolescents. Designed a mediation program specializing in divorce mediation.  Lectured and conducted

training sessions on mediation strategies and techniques for psychologists, psychotherapists and attorneys.

1995-1998    Psychiatric Services Center, White Plains, New York, Post-doctoral internship; Psychotherapist: Counseled adults and adolescents diagnosed with a range of moderate to severe psychological disorders.  Provided individual and group counseling to residents of mentally disabled group homes; conducted group counseling for OCD patients. Counseled thirty clients on a weekly basis.  Supervised by a NYS licensed psychologist and a psychiatrist investigating the effects of psychotropic drugs.

1988- 1993     Social Psychology Department, Teachers College, Columbia University, Research Assistant, International Center for Cooperation and Conflict Resolution (ICCCR)  The Center was created and directed by Morton Deutsch, Ph.D., whose research in the 1950s and 1960's laid the theoretical groundwork for mediation and negotiation.  As part of our research, trained educators and counselors in mediation and negotiation skills for resolving cross-cultural, marital and parent-child conflicts. Other research included assessing the effect of conflict resolution training and cooperative learning on the extent of violence in high school students' lives and its subsequent effect on attitude toward oneself and others.  Findings were used to determine factors that are related to dysfunctional adolescents.  Collected and assisted in the analysis of ethno-graphic and quantitative data.

1988-1992     New York City Board of Education:  Division of Research and Evaluation.  Research Assistant responsible for the design and implementation of programs to evaluate New York City's drop-out prevention initiative.

1985-1987     Coordinator of Criminal Justice, Office of the Mayor of the City of New York Assistant to the Director of Program Planning, designed a monitoring system to assess criminal justice programs in New York City, and tracked the status of juvenile and adolescent offenders in the criminal justice system.  Selected rehabilitation programs for delinquent youth for funding from the New York State Division of Probation and Correctional Alternatives.

1983-1985     East Harlem Music School, New York City Development Officer and Guidance Counselor:  Under the auspices of the Board of Education and the Ford Foundation, developed an alternative high school for high school dropouts.

1983-1985     Riker's Island, Guidance Counselor and Life Skills Counselor at the Male Adolescent Detention Center: conducted group therapy as part of model program  to enhance students' performance on the GED.

1982   Teachers College, Columbia University Vocational Counseling
Intern: Supervised by the clinical and counseling faculty, provided vocational and therapeutic counseling mandating  the use of standardized assessment and vocational instruments.

1978-1980     American Shakespeare Theatre – Stratford, Connecticut; Assistant to

the Director of Educational Programs: Designed and implemented a model arts program under Title VII to improve race relations between various groups in urban and rural high schools.

Presentations and Publications

(2022) Type-3 Conflict and Peace Initiatives: Impacting Our "Naïve Scientist." The Think Peace Podcast, George Mason University's Carter School for Peace and Conflict Resolution and the Mary Hoch Center for Reconciliation

(2021) Gender Still Matters: Contemporary Challenges Facing Women Today: Parental Alienation and Gender Presentation at The Annual Forensic Division Conference of The New York State Psychological Association

(2021) Testimony for the New York State Assembly Standing Committees on Judiciary Social Services and Children and Families: the Dinowitz Hearing:  The Journal of Interpersonal Violence (13)3 (in press)

2020) The Boys in the Yacht: The Soft Underbelly of American Politics. Published in Conflict Uncomplicated.

(2018) The Child Custody Conflict as a Microcosm of the Type Three Conflict: Presentation at the Annual Forensic Division Conference of the New York State Psychological Association.

(2016) Treating Children and Families in the Context of High Conflict Divorce. Presentation delivered as a part of a panel on the New York State Psychological Association's Annual conference

(2015) Unmasking the abuse: Psychological defenses in child custody evaluations, Journal of Child Custody 12, 3 – 4, 307-324.

(2015) Thoughts on Controlling for Bias in Child Custody Evaluation Reports: Presentation at the Annual Forensic Division Conference of the New York State Psychological Association

(2011) He Said/She Said: Psychological Defenses in Custody Evaluation Disputes Paper delivered as part of the lecture series of the Forensic Division of the New York State Psychological Association.

(2010/2016) www.conflictuncomplicated.com

 (2002). High conflict: the effect of personality disorders in the resolution of family conflicts. Paper presented at the annual training session for law guardians appointed to the 18B panel; First Department.

(1996) doctoral dissertation.  The effects of cooperative learning on the academic self-concept and academic achievement. New York: Columbia University.

(1993) Dropout prevention programs: Implications of recent findings for theory and research.  Unpublished manuscript.

(1992) Deutsch, M., Mitchell, V., Zhang, Q., Khattri, N., Tepavac, L., Weitzman, E., Lynch, R.  The effects of training in cooperative learning and conflict resolution in an alternative high school. International Center for Cooperation and Conflict Resolution, Teachers College, Columbia University.

Appointments, Memberships

Appointed by Governor Cuomo, re-appointed by Governor Hochul  to the Blue Ribbon Commission on Forensic Custody Evaluations, 2021

Chair, Child Custody Evaluation Committee, New York State Psychological Association (2008 to 2018).

Chair, New York State Working Group on establishing oversight for Child Custody Evaluations (2017 -2020).

Past-President, Forensic Division of the New York State Psychological Association (NYSPA)

Selected for the American Psychological Association's "Effective Providers" panel which is developing new means for identifying and treating abused and traumatized children.

2010 recipient of NYSPA's Forensic Division's Leadership to the Forensic Division Award

Member, New York State Supreme Court,  Appellate Division, First and Second Department,  Panel of Mental Health Professionals

Founding member, New York State Chapter of the Association of Family and Conciliation Courts

CITATIONS FOR PUBLICATIONS

Lynch, R. (Winter, 2021).  Testimony of Robin Lynch, Ph.D. to the New York State
Legislature. Family and Intimate Partner Violence Quarterly, 13(3),18-20.

Robin M. Lynch (2015) Unmasking the Abuse: Psychological Defenses in Child
Custody Disputes, Journal of Child Custody, 12:3-4, 307-
324, DOI: 10.1080/15379418.2015.1102671

**EX. 2 – FINAL JOINT PRETRIAL ORDER**
**DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)\***
\*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to
foundational testimony).

| Def. Trial Ex. No. | Title or Description[1] | Bates No. And/or Discovered? | Other Ref. No. | Plaintiff's Objections (nearly all exhibits are insufficiently referenced with any identification number – these objections are based on limited information)[2] |
|---|---|---|---|---|
| 1 | Elizabeth Burki and others' social media postings Re Andrew Burki "rapist". | Discovered | Div. Tr. MSJ | H, NP |
| 2 | 6/24/20 video/zoom call Andrew/Liz Burki | Discovered | Div. Tr. MSJ | H, IC, NR |
| 3 | 1/31/20 text messages between Liz/Julia/Claire LaRoche | Discovered | Div. Tr. MSJ | No objection |
| 4 | 8/2/20 video zoom call Liz Andrew Burki "not rape" | Discovered | Div. Tr. MSJ | H, IC, M, NR |
| 5 | 6/24/20 zoom call Liz Andrew Burki | Discovered | Div. Tr. MSJ | DUP, H, IC, NR |
| 6 | 8/6/20 video zoom call Liz/Andrew Burki "consensual" | Discovered | Div. Tr. MSJ | H, NP, NR |
| 7 | Highlighted grand jury excerpt 3/11/20 | <u>Discovered</u> | Div. Tr. MSJ | H, NR |

---

[1] Defendant reserves the right to (but may not) use all exhibits identified in this section for any use including, but not limited to rebuttal, impeachment of any witness, cross examination or on direct, subject to rulings on motions in limine.  motion in limine.   Defendant has separately identified below, those exhibits that relate **_solely_** to his Counterclaim presentation related to the USB/listening device, and are separately classified at the end of this list.
[2] Plaintiff reserves the right to make additional objections to exhibits that are not clearly identified in Defendant's exhibit list.

EX. 2 – FINAL JOINT PRETRIAL ORDER
DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)*
*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to foundational testimony).

| 8 | 6/20/20 video/zoom call Liz/Andrew Burki "orchestrated" gun | Discovered | Div. Tr. MSJ | H, IC, M, NR (in part) |
|---|---|---|---|---|
| 9 | 6/24/20 video zoom call Liz/Andrew Burki "you're so anti-gun" | Discovered | Div. Tr. MSJ | DUP, H, IC, M, NR |
| 10 | Liz Burki public media postings | Discovered | Div. Tr. MSJ | H, NP, unclear description |
| 11 | Excerpt of Elizabeth Burki certification (trial exhibit P92) | Discovered | Div. Tr. MSJ | H, NP, NR |
| 12 | Excerpt of submission to trial court (P84) | Discovered | Div. Tr. MSJ | H, NP, NR, unclear description |
| 13 | 6/20/20 video zoom call excerpt "moving to Virginia" Liz/Andrew Burki | Dscovered | Div. Tr. MSJ | DUP, H, IC, NR |
| 14 | 6/26/20 video call, Andrew/Liz Burki "scorch you" | Discovered | Div. Tr. MSJ | H, IC, NR |
| 15 | USB recording device (the actual device) | Contents Discovered | Div. Tr. MSJ | BE, F, NA, NR (in part), spoliated |
| 16 | 4/6/21 recording on USB device | Discovered | Div. Tr. MSJ | BE, F, NA, NR (in part), spoliated |
| 17 | 6/24/20 excerpt audio recording zoom call Liz/Andrew Burki "fix stuff for you" | Discovered | Div. Tr. MSJ | DUP, H, IC, M, NR |

EX. 2 – FINAL JOINT PRETRIAL ORDER
DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)*
*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to
foundational testimony).

| 18 | Excerpts from party (Liz/Andrew) Certifications identified as P190 in trial | Discovered | Div. Tr. MSJ | H, IC, NP, NR |
|---|---|---|---|---|
| 19 | 8/3/20 video/zoom call "belly button ring" Liz/Andrew Burki | Discovered | Div. Tr. MSJ | H, IC, NR |
| 20 | 5/29/20 video call excerpt Andrew/Liz Burki "sell house" | Discovered | Div. Tr. MSJ | H, IC, NR |
| 21 | Video 2/16/21 exchange AB video Claire/Rip LaRoche | Discovered | Div. Tr. MSJ | H (in part), NR (in part) |
| 22 | Claire LaRoche's video from 2/16/21 exchange | Discovered | Div. Tr. MSJ | H (in part), NR (in part) |
| 23 | 10/25/20 video all accidentally recorded by Claire LaRoche after call ended | Discovered | Div. Tr. MSJ | BE, H, M, NR |
| 24 | 4/7/21 Recording on USB Claire/Liz | Discovered | Div. Tr. MSJ | BE, F, NA, NR (in part), spoliated |
| 25 | 3/2021 Cross Motion, Liz Burki (Pa173 at trial) | Discovered | Div. Tr. | H, NR |
| 26 | Cross Motion, Liz Burki 9/9/2021 | Discovered | Div. Tr. | H, NR |
| 27 | Excerpt 4/6/21 USB recording P600/p49 div. tr. | Discovered | Div. Tr. MSJ | BE, F, IC, NA, NR (in part), spoliated |

## EX. 2 – FINAL JOINT PRETRIAL ORDER
## DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)*

*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit. With respect to videos, some are full videos, while others are excerpts from a longer video (subject to foundational testimony).

| 28 | Excerpt 4/6/21 USB recording P170 iv. Tr. | Discovered | Div. Tr. MSJ | BE, F, IC, NA, NR (in part), spoliated |
|----|-------------------------------------------|------------|--------------|----------------------------------------|
| 29 | Excerpt 4/6/21 USB recording P170 div. tr. | Discovered | Div. Tr. MSJ | BE, F, IC, NA, NR (in part), spoliated |
| 30 | Excerpt 4/6/21 USB recording P169/51 div. tr. | Discovered | Div. Tr. MSJ | BE, F, IC, NA, NR (in part), spoliated |
| 31 | Excerpt 4/6/21 USB recording P168 div. tr. | Discovered | Div. Tr. MSJ | BE, F, IC, NA, NR (in part), spoliated |
| 32 | Excerpt 4/6/21 USB recording P167 div. tr. | Discovered | Div. Tr. MSJ | BE, F, IC, NA, NR (in part), spoliated |
| 33 | Liz Burki sworn testimony before Hon. Sherri Schweitzer, re USB 4/19/21 | Discovered | Div. Tr. MSJ | H, NR (in part) |
| 34 | Audio Recording USB Device "Bernardin" Claire/Liz Burki, 4/6/2021 | Discovered | Div. Tr. MSJ | BE, F, IC, NA, NR (in part), spoliated |
| 35 | 10/22/21 transcript, Motion, Judith S. Charny, JSC regarding USB device | Discovered | Div. Tr. MSJ | H, NR, M |
| 36 | Claire LaRoche CV and Longwood University Website | Discovered | MSJ | No objection |
| 37 | Claire LaRoche Complaint, LaRoche v. Burki (this case) | Discovered/Pleadings | MSJ | No objection |

EX. 2 – FINAL JOINT PRETRIAL ORDER
DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)*
*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to foundational testimony).

| 38 | Excerpt of Complaint | Discovered | MSJ Exhibit B and B1 | DUP, IC |
|---|---|---|---|---|
| 39 | Video #1 11/25/20 posted by Andrew Burki | Discovered | MSJ | No objection |
| 40 | Video #2 11/28/20 posted by Andrew Burki | Discovered | MSJ | No objection |
| 41 | Andrew Burki Counterclaim (this case) | Discovered | MSJ | H, M, NR (in part) |
| 42 | Excerpts of Andrew Burki sworn deposition transcript | Discovered | MSJ (Exhibit E | H, M, NR (in part), unclear description |
| 43 | Andrew Burki's Interrogatory Responses, this case | Discovered | MSJ | No objection with respect to Interrogatory Responses ## 5, 15 and defendant's signed oath. Remainder is H, M, NR (in part). |
| 44 | Claire LaRche interrogatory and discovery responses | Discovered | MSJ | No objection |
| 45 | Except of video call 6/24/20 Andrew/Liz Burki | Discovered | MSJ Exh G | DUP, H, IC, NR |
| 46(a) and (b) | Excerpts (2) of AB police interview | Discovered | MSJ Exh H Exh I | H, IC, NR (except for discussion regarding gun) |
| 49 | Text Messages, Liz Burki to Andrew Burki 2/3/20 | Discovered | MSJ Exh K | F, H, IC, NR (in part) |

**EX. 2 – FINAL JOINT PRETRIAL ORDER**
**DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)***
*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to
foundational testimony).

| 50 | Excerpt 2/24/20 TRO hearing | Discovered | MSJ Exh M | H, IC, NR (in part) |
|----|----|----|----|----|
| 51 | TRO application filed by Liz Burki | Discovered | MSJ Exh O (MSJ Ex. O= "Transcript of the February 11, 2020 TRO hearing") | No objection |
| 52 | Excerpt of Claire LaRoche trial testimony before Judith S. Charny | Discovered | MSJ Exh P | H (in part), IC, NR (in part) |
| 53 | Audio Recording Julia LaRoche statement to Collingswood Police /2021 | Discovered | MSJ Exh R1 | H, IC, NR (in part) |
| 54 | Excerpt of Liz Burki trial testimony before Judith S. Charny, April 2022 | Discovered | MSJ Exh S | H, IC, NR (in part) |
| 55 | Excerpt of Claire LaRoche trial testimony before Judith S. Charny 4/2022 | Discovered | MSJ Exh T (MSJ Ex. T = "Excerpts of L Burki's testimony in April 2022" | H, IC, NR (in part) |
| 56 | Excerpt of Liz Burki's trial testimony before Judith S. Charny regarding "Corroborating witnesses" | Discovered | MSJ Exh W | H, IC, NR (in part) |
| 57 | 6/24/20 video excerpt zoom/call Andrew/Liz Burki "everyone just wanted me to leave" | Discovered | MSJ Exh W1 | DUP, H, IC, NR |

EX. 2 – FINAL JOINT PRETRIAL ORDER
DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)*
*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to foundational testimony).

| | | | | |
|---|---|---|---|---|
| 58 | 6/27/22 excerpts from court's decision, Judith S. Charny | Discovered | MSJ Exh. W2 | C, H, IC, NR, P, see J. Kugler 8/3/2023 SJ Decision at 10-11 (applies for all J. Charny statements) |
| 59 a-d | Excerpts from USB | Discovered | MSJ Exhibits X1-X4 | DUP, BE, F, IC, NA, NR (in part), spoliated |
| 60 | 4/21 Certification of Lisa Jensen | Discovered | Burki Divorce Trial | H, NR (in part) |
| 61 | Final Report of Gregory Joseph, Psy.D | Discovered | Burki Div. Trial | H, NR, not designated as expert witness in discovery |
| 62 | 6/26/20 video clip "scorch" Liz/Andrew Burki zoom call | Discovered | Burki Div. Trial | DUP, H, NR, IC |
| 63 | 6/28/20 video clip "circumcise" Liz/Andrew Burki zoom call | Discovered | Burki Div. Trial | H, NR, IC |
| 64 | 8/2/20 video clip "move to Switzerland" Liz/Andrew Burki zoom call | Discovered | Burki Div. Trial | H, NP, NR, IC |
| 65 | 6/24/20 video clip "never hit me" Liz/Andrew Burki zoom call | Discovered | Burki Div. Trial | H, NR, IC |
| 66 | 8/2/20 video clip "consensual sex" Liz/Andrew Burki zoom call | Discovered | Burki Div. Trial | H, NP, NR, IC |
| 67 | 9/30/21 Order of Linda W. Eynon, PJFP re emergent application filed by Liz Burki | Discovered | Burki Div. Tr. | H, NP, NR |
| 68 | Photographs from 9/20 and 9/21 2021 taken by Claire LaRoche and Liz Burki with Certification Excerpts from Liz Burki's October 2021 "emergent" application alleging physical abuse of S.B. | Discovered | Burki Div. Tr. | NP, NR |
| 69 | Liz Burki "emergent" certification of abuse dated 10/20/2021 | Discovered | Burki Div. Tr. | NP, NR |

7

EX. 2 – FINAL JOINT PRETRIAL ORDER
DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)*
*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to
foundational testimony).

| 70 | Excerpt of Liz Burki's testimony 2/24/21 FRO hearing | Discovered | Div. Tr. | IC, unclear description |
|---|---|---|---|---|
| 71 | 6/24/20 video clip Liz/Andrew Burki re "anti gun" | Discovered | Div. Tr. | DUP, H, IC, NR |
| 72 | 1/31/20 Videos (3) of Liz Burki and Julia LaRoche searching for gun | Discovered | Div. Tr. | No objection |
| 73 | 2/24/20 excerpt of Liz Burki FRO testimony about finding gun in "attic" | Discovered | Div. Tr. | IC, unclear description |
| 74 | 3/11/20 grand jury testimony exce[r]pt of Detective Cavanaugh re gun | Discovered | Div. Tr. | DUP, H, IC, NR, unclear description |
| 75 | 7/14/20 forfeiture hearing testimony excerpt returning gun to Andrew Burki | Discovered | Div. Tr. | IC, unclear description |
| 76 | Excerpt of Certification of Liz Burki characterizing gun as assault rifle | Discovered | Div. Tr. | H, IC, NR (in part), unclear description |
| 77 | 8/3/20 excerpt of video conversation Liz/Andrew Burki "destroyed reputation" | Discovered | Div. Tr. | H, IC, NP, NR (in part) |
| 78 | June 27, 2022 Transcript of Court's Decision Burki v. Burki, Hon. Judith S. Charny, JSC, FM-0401307-20 | Discovered | Div. Tr. | C, H, IC, NR, P, see J. Kugler 8/3/2023 SJ Decision at 10-11 (applies for all J. Charny statements) |
| 79 | Final Judgment of Divorce 6/27/2022 Judge Charny, Burki v. Burki | Discovered | Div. Tr. | C, H, IC, NR, P, see J. Kugler 8/3/2023 SJ Decision at 10-11 (applies for all J. Charny statements) |
| 80 | 11/15/22 sworn (virtual) deposition of Julia LaRoche | Discovered | This case | H, NR (in part) |
| 81 | 1/19/21 certification excerpt Liz Burki denying she said "orchestrated" | Discovered | Div. Tr. | H, IC, NR, M |
| 82 | 1/19/21 certification excerpt Liz Burki "not one red cent" | Discovered | Div. Tr. | H, IC, NR |
| 83 | 4/6/21 excerpt recording (device) of Claire and Liz discussing who placed device and DCP&P | Discovered | Div. Tr. | DUP, BE, F, IC, NA, NR (in part), spoliated |

*New Exhibit lists to be provided to Court as set forth on the record on 10/11/23 Am*

### EX. 2 – FINAL JOINT PRETRIAL ORDER
### DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)*

*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to
foundational testimony).

| 84 | 4/6/21 excerpt of recording (device) of Claire and Liz discussing AB supervisors | Discovered | Div. Tr. | DUP, BE, F, IC, NA, NR (in part), spoliated |
| 85 | 4/6/21 excerpt of recording (device) of Clare dictating email to Liz's lawyer (Lou Guzzo, Esq) | Discovered | Div. Tr. | DUP, BE, F, IC, NA, NR (in part), spoliated |
| 86 | Sworn Affidavit of Ripon LaRoche filed with Judge DiCamillo dated 2/26/21 re firearm | Discovered | Div. Tr. | No objection |
| 87 | Amended FRO dated 1/7/21 Liz Burki v. Andrew Burki | Discovered | Div. Tr. | No objection |
| 88 | 4/6/21 excerpt recording (device) Liz Burki and Claire LaRoche discussing "serious abuse" | Discovered | Div. Tr. | DUP, BE, F, IC, NA, NR (in part), spoliated |
| 89 | 4/6/21 excerpt recording (device) Liz Burki and Claire LaRoche discussing "The Lorax book" | Discovered | Div. Tr. | DUP, BE, F, IC, NA, NR (in part), spoliated |
| 90 | 4/6/21 excerpt recording (device) Liz Burki and Claire LaRoche discussing Liz or Claire's testimony in the event device discovered | Discovered | Div. Tr. | DUP, BE, F, IC, NA, NR (in part), spoliated |
| 91 | 2/3/20 Transcript of TRO Hearing before Hon Yolanda Rodriguez, J.S.C. Liz Burki v. Andrew Burki FV-04-1984-20 | Discovered | Div. Tr. | No objection |
| 92 | 7/14/20 weapon forfeiture hearing before Christine Orlando, JSC F0-04-693-20 | Discovered | Div. Tr. | No objection |
| 93 | 3/11/20 Grand Jury Transcript, State v. Andrew Burki I-636-03-20 | Discovered | Div. Tr. | DUP, H, NR |
| 94 | 2/24/20 FRO hearing, Angelo T. DiCamillo, JSC FV-04-1984-20 | Discovered | Div. Tr. | No objection |
| 95 | 2/7/20 detention hearing, Hon. Kathleen Delany, J.S.C. State v. Andrew Burki, W-2020-0032-0411 | Discovered | Div. Tr. | H, NR |
| 96 | 4/19/21 Order to Show Cause Hearing, Angelo DiCamillo with testimony of Liz Burki/Andrew Burki | Discovered | Div. Tr. | H, NR |
| 97 | 12/21/20 motion hearing transcript | Discovered | Div. Tr. | H, NR |

9

EX. 2 – FINAL JOINT PRETRIAL ORDER
DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)*
*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to
foundational testimony).

|  | Liz Burki v. Andrew Burki, Hon. Angelo DiCamillo, FV-04-1984-20, colloquy of Louis Guzzo re representations by Liz Burki |  |  |  |
|---|---|---|---|---|
| 98 | 9/9/2021 transcript of decision, denying emergent Order to Show Cause filed by Liz Burki (alleging abuse) of Hon. Linda W. Eynon, PJFP | Discovered | Div. Tr. | H, NR |
| 99 | 4/4/22 trial transcript, Burki v. Burki (testimony of Liz Burki/Cla[i]re LaRoche) FM-04-1307-20 | Discovered | Div. Tr. | H, NR (in part), unclear description |
| 100 | 4/5/22 Trial transcript, Burki v. Burki (testimony of Claire LaRoche) FM-04-1307-20 | Discovered | Div. Tr. | NR (in part), unclear description |
| 101 | 4/6/22 Trial transcript, Burki v. Burki (testimony of Claire LaRoche) FM-04-1307-20 | Discovered | Div. Tr. | NR (in part), unclear description |
| 102 | 4/28/22 Trial transcript, Burki v. Burki (testimony of Liz Burki) FM-04-1307-20 | Discovered | Div. Tr. | H, NR (in part), unclear description |
| 103 | 4/29/22 Trial transcript, Burki v. Burki (testimony of Liz Burki) FM-04-1307-20 | Discovered | Div. Tr. | H, NR (in part), unclear description |
| 104 | 9/23/20 zoom call Andrew Burki Recorded by Liz Burki | Discovered | Div. Tr. | H, NR |
| 105 | 3/9/22 trial transcript, Burki v. Burki (testimony of Andrew Burki/Gregory Joseph) FM-04-1307-20 | Discovered | Div. Tr. | H, NR,not designated as expert witness in discovery, unclear description |
| 106 | 3/23/22 trial transcript, Burki v. Burki (testimony of Andrew Burki) FM-04-1307-20 | Discovered | Div. Tr. | H, NR (in part), unclear description |
| 107 | 3/29/22 Trial transcript, Burki v. Burki (testimony of Andrew Burki) FM-04-1307-20- | Discovered | Div. Tr. | H, NR (in part), unclear description |
| 108 | 3/30/22 Trial transcript, Burki v. Burki (testimony of Andrew Burki FM-04-1307-20 | Discovered | Div. Tr. | H, NR (in part), unclear description |
| 109 | 5/17/22 trial transcript, Burki v. Burki (testimony of Liz Burki) FM-04-1307-20 | Discovered | Div. Tr. | H, NR (in part), unclear description |

EX. 2 – FINAL JOINT PRETRIAL ORDER
DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)*
*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to
foundational testimony).

| 110 | 5/18/22 trial transcript, Burki v. Burki (testimony of Liz Burki) FM-04-1307-20 | Discovered | Div. Tr. | H, NR (in part), unclear description |
|---|---|---|---|---|
| 112 | 4/11/22 trial transcript, Burki v. Burki (redirect testimony of Claire LaRoche) FM-04-1307-20 | Discovered | Div. Tr. | NR (in part), unclear description, defendant exhibit misnumbering |
| 113 | 4/19/21 transcript OSC (emergent) hearing, Liz Burki testimony (Burki v. Burki) FM-04-1307\-20, Hon. Sherri Schweitzer, JSC(recording device) | Discovered | Div. Tr. | DUP, H, NR |
| 114 | 2/3/20 written voluntary statement prepared and signed by Liz Burki to Collingswood PD re TRO | Discovered | Div. Tr. | No objection |
| 115 | 2/4/20 Chelsea Nilsson Police Interview re gun | Discovered | Div. Tr. | H, NR (in part) |
| 116 | Video excerpt, Liz/Andrew Burki "orchestrated gun" | Discovered | Div. Tr. MSJ | DUP, H, IC, M, NR (in part) |
| 117 | 2/5/20 Judith Forchione Police Interview re gun | Discovered | Div. Tr. MSJ | H, NR (in part) |
| 118 | 2/4/20 Cathline Meher police interview re gun | Discovered | Div. Tr. MSJ | H, NR (in part) |
| 119 | 2/4/20 police interview Julia LaRoche re gun | Discovered | Div. Tr. | H, NR (in part) |
| 120 | 2/21/20 police interview Sarah Temel | Discovered | Div. Tr. | H, NR (in part) |
| 121 | 2/3/20 Liz Burki transcribed statement to police | Discovered | Div. Tr. | H, NR (in part) |
| 122 | Andrew Burki interview Detective Manning Collingswood PD 2/3/20 | Discovered | Div. Tr. | No objection (gun portion); remainder H and NR (in part) |
| 123 | Excerpts from competing Certifications Liz Burki 8/25/20 and Andrew Burki from 7/29/0 | Discovered | Div. Tr. | H, IC, NR, unclear description |
| 124 | Consent Order for Mutual Civil Restraints by Louis Guzzo, 2021 | Discovered | Div. Tr. | H, NP, NR |
| 125 | Cross certification excerpts of Elizzabeth Burki dated 1/19/21 and Andrew Burki dated 11/18/20 | Discovered | Div. Tr. | H, IC, NR |
| 126 | 8/25/20 certification Liz Burki in Burki v. Burki re assault rifle | Discovered | Div. Tr. | DUP, H, NR (in part) |
| 127 | 6/24/20 excerpt of video call Liz/Andrew Burki "anti gun"/orchestrated | Discovered | Div. Tr. | DUP, H, IC, M, NR (in part) |

**EX. 2 – FINAL JOINT PRETRIAL ORDER**
**DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)\***
\*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to foundational testimony).

| | | | |
|---|---|---|---|
| 128 | Video of USB Discovery/Lisa Jensen/Andrew Burki on 4/7/21 | Discovered | Div. Tr. | H, NR (in part) |
| 129 | Entire Audio of USB contents | Discovered | Div. Tr. | DUP, BE, F, IC, NA, NR (in part), spoliated |
| 130 (a)-(d) | Videos (4) of S.B. searching for USB (1) in Andrew Burki's backpack/ apartment 7/20/21-7/25/21 | Discovered | Div. Tr. | H, IC, NR |
| 131 | Second video of S.B. searching for USB (2) in Andrew Burki's apartment | Discovered | Div. Tr. | DUP, H, IC, NP, NR |
| 132 | Video conversation Andrew/Liz Burki "money sign" | Discovered | Div. Tr. | H, NP, NR |
| 133 | 8/3/20 Video conversation Andrew/Liz Burki "Eddie Torres" | Discovered | Div. Tr. | DUP, H, NR |
| 134 | 8/25/20 Liz Burki certification excerpt filed with Hon. Daniel Bernardin JSC re Eddie Torres | Discovered | Div. Tr. | DUP, H, IC, NR, unclear description |
| 135 | 6/10/20 excerpt of video conversation between Liz/Andrew Burki regarding "violations" and prosecutor threatening her | Discovered | Div. Tr. | H, IC, NP, NR, unclear description |
| 136 | 6/20/20 excerpt of video conversation between Liz/Andrew Burki regarding "orchestrating" gun charge | Discovered | Div. Tr. | DUP, H, IC, M, NR (in part) |
| 137 | 8/2/20 video call Liz/Andrew excerpt re: all relations were consensual | Discovered | Div. Tr. | DUP, H, IC, NP, NR |
| 138 | 2/3/20 "rough sex" excerpt Liz Burki police interview | Discovered | Div. Tr. | DUP, H, IC, NR |
| 139 | 2/3/20 "chokes me" excerpt Liz Burki police interview | Discovered | Div. Tr. | DUP, H, IC, NR |
| 140 | 6/28/20 video call Liz/Andrew Burki "circumcise" | Discovered | Div. Tr. | DUP, H, IC, NR |
| 141 | 8/25/20 "circumcise" video | Discovered | Div. Tr. | DUP, H, IC, NR |
| 142 | 4/6/21 audio of USB Claire/Liz discussing Lisa Jensen and blocking supervisors | Discovered | Div. Tr. | DUP, BE, F, IC, NA, NR (in part), spoliated |
| 143 | 4/6/21 USB recording Claire and Liz dictating certification to Lou Guzzo and deciding who will admit planting the USB | Discovered | Div. Tr. | DUP, BE, F, IC, NA, NR (in part), spoliated |
| 144 | Excerpt of Liz Burki's sworn testimony before Judge Schweitzer – OSC hearing 4/19/21 | Discovered | Div. Tr. | DUP, H, IC, NR (in part), unclear description |

EX. 2 – FINAL JOINT PRETRIAL ORDER
DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)*
*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to
foundational testimony).

| 145 | Excerpt of Andrew Burki recorded interview re rape allegation Collingswood PD and CCPO Detective/search warrant for his phone | Discovered | Div. Tr. | DUP, H, IC, NR |
|-----|-----|-----|-----|-----|
| 146 | 8/25/20 Liz Burki certification excerpt "typo" daily anal rape claim | Discovered | Div. Tr. | DUP, H, IC, NR |
| 147 | 6/24/20 video excerpt Andrew/Liz Burki "everyone told me to leave...never hit me" | Discovered | Div. Tr. | DUP, H, IC, NR (in part) |
| 148 | 2/26/20 sworn Affidavit of Clare LaRoche filed w Judge DiCamillo re "assault rifle" | Discovered | Div. Tr. | No objection |
| 149 | Dr. Samaroo risk assessment 6/12/20 | Discovered | Div. Tr. | H, IC, F, NR, not designated as expert witness in discovery |
| 150 | 6/24/20 video excerpt Liz/Andrew Burki "fix stuff for you" if you agree | Discovered | Div. Tr. | DUP, H, IC, NR |
| 151 | 6/20/20 video call excerpt Liz/Andrew Burki "moved to Virginia" | Discovered | Div. Tr. | DUP, H, IC, NR |
| 152 | Liz Burki social media postings (6) characterizing Andrew as rapist and pedophile | Discovered | Div. Tr. | DUP, H, NP, NR, unclear description |
| 153 | 2/24/21 Lisa Jensen email to AB | Discovered | Div. Tr. | H, NR, NP |
| 154 | 2/24/21 email from Nick Angelo | Discovered | Div. Tr. | H, NR, NP |
| 155 | 2/24/21 email to AB from Rogan O'Donnell | Discovered | Div. Tr. | H, NR |
| 156 | 2/16/21 video of Claire and Rip LaRoche confronting AB | Discovered | Div. Tr. | DUP, H (in part), NR (in part) |
| 157 | 8/3/20 video call excerpt Liz/Andrew Burki "get employer to fire him" | Discovered | Div. Tr. | DUP, H, IC, NR |
| 158 | 6/26/20 vide call excerpt Liz/Andrew Burki "scorch" | Discovered | Div. Tr. | DUP, H, IC, M, NR |
| 159 | 4/19/21 excerpt emergent hearing transcript "Rihanna Kelly" | Discovered | Div. Tr. | H, NR |
| 160 | 4/6/21 USB recording "what constitutes severe abuse" conversation Claire Burki and Liz Burki (P534 divorce trial) | Discovered | Div. Tr. MSJ | DUP, BE, F, IC, NA, NR (in part), spoliated |
| 161 | Excerpt 2/24/20 FRO hearing before Hon. Angelo DiCamillo re AB never abused S.B. | Discovered | Div. Tr. | DUP, H, IC, unclear description |

EX. 2 – FINAL JOINT PRETRIAL ORDER
DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)*
*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to
foundational testimony).

| | | | | |
|---|---|---|---|---|
| 162 | 8/1/20 video recorded zoom call Liz/Andrew Burki "private school if SB stays in New Jersey | Discovered | Div. Tr. | H, NR |
| 163 | 6/24/20 video recorded zoom call, Liz/Andrew Burki "hope they never see S.B. again" | Discovered | Div. Tr. | DUP, H, IC, NR |
| 164 | 6/10/20 video zoom call AB/EB (complete) | Discovered | Div. Tr. | DUP, H, NR |
| 165 | 6/20/20 video zoom call AB/EB (complete) | Discovered | Div. Tr. | DUP, H, NP, NR |
| 166 | 6/24/20 video zoom call AB/EB (complete) | Discovered | Div. Tr. | DUP, H, NR (in part) |
| 167 | 6/26/20 video zoom call AB/EB (complete) | Discovered | Div. Tr. | DUP, H, NR |
| 168 | 6/28/20 video zoom call AB/EB (complete) | Discovered | Div. Tr. | DUP, H, NR |
| 169 | 8/2/20 video zoom call AB/EB (complete) | Discovered | Div. Tr. | DUP, H, NR |
| 170 | 8/3/20 video zoom call AB/EB (complete) | Discovered | Div. Tr. | DUP, H, NR |
| 171 | Plea Agreement State v. Andrew Burki  4/15/20 | Discovered | Div. Tr. | No objection |
| 172 | Indictment State v. Burki 636-03-20 | Discovered | Div. Tr. | No objection |
| 173 | Text Messages Andrew/Liz Burki 1/28 to 2/2/20 | Discovered | Div. Tr. | H, NR, unclear description |
| 174 | Complete recorded statement of AB to Collingswood PD 2/3/20 | Discovered | Div. Tr. | H, NR (except gun portion) |
| 175 | State v. Burki pretrial detention Order | Discovered | Div. Tr. | No objection |
| 176 | Collingswood P.D. Supp. Invest. Report of 2/4/20 | Discovered | Div. Tr. | H, NP, NR (in part) |
| 177 | Collingswood P.D. Invest. Report 2/4/20 | Discovered | Div. Tr. | H, NP, NR (in part) |
| 178 | Warrants and PC Affidavits State v. Andrew Burki | Discovered | Div. Tr. | H, NP, NR (in part), unclear description |
| 179 | Arrest Report 2/3/20 | Discovered | Div. Tr. | H, NP, NR (in part) |
| 180 | 1/30-2/3/20 Text Messages to/from Claire LaRoche and Liz Burki/Julia LaRoche | Discovered | Div. Tr. | No objection |
| 181 | Exhibit "A" from Liz Burki's 4/26/21 certification | Discovered | Div. Tr. | H, NR |
| 182 | Exhibit "B" from Liz Burki's 4/26/21 certification | Discovered | Div. Tr. | H, NR |

EX. 2 – FINAL JOINT PRETRIAL ORDER
DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)*
*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to
foundational testimony).

| | | | | |
|---|---|---|---|---|
| 183 | Exhibit "C" from Liz Burki's 4/26/21 certification | Discovered | Div. Tr. | H, NR |
| 184 | FRO 2/24/20 Liz Burki v. Andrew Burki FV-04-1984-20 | Discovered | Div. Tr. | No objection |
| 185 | Video call Claire LaRoche accidentally recorded w/S.B. 10/25/20 | Discovered | Div. Tr. | BE, F, H, M, NR |
| 186 | Video Deposition Transcript of Dawn Marie Schwartz | Discovered | This case | (Per FRCP 32 need to designate portions) |
| 187 | Video Deposition Transcript of David Lehr | Discovered | This case | (Per FRCP 32 need to designate portions) |
| 188 | Video Deposition Transcript of Linda Dowling | Discovered | This case | (Per FRCP 32 need to designate portions) |
| 189 | Video Deposition Transcript of Nick Angelo | Discovered | This case | Does not exist |
| 190 | Video Deposition Transcript of Rogan O'Donnell | Discovered | This case | (Per FRCP 32 need to designate portions)` |
| 191 | Dr Lynch Report | Discovered | This case | No objection |
| 191 | Dr. Lynch Report in Andrew Burki v. Liz Burki pending in Superior Court before Kathleen M. Delaney, J.S.C | Not discovered Plaintiff produced and paid for | Most Recent DV case | H, NR |
| 192 | Video Deposition Transcript of Bennie Waller | Discovered | This case | (Per FRCP 32 need to designate portions) |
| 193 | Video Deposition Transcript of Lisa Jensen | Discovered | This case | (Per FRCP 32 need to designate portions) |
| 194 | Babaa and Franklin lawsuit against AB for 2,000,000 | Discovered | This case/ECF | No objection |
| 195 | Dismissal Order Babaa and Franklin lawsuit. | Discovered | This case/ECF | H, NP, NR |
| 196 | Sara Baba statement to Collingswood Police "ball gag" | Discovered | Divorce trial | H |
| 186 | Liz Burki trial testimony 5/18/22 | Discovered | Divorce tr. | H, NR (in part) |
| 197 | Lissa Franklin sworn affidavit 2/5/20 | Discovered | Divorce Tr. | No objection |
| 198 | Elizabeth Dorrow police statement Collingswood Police 2/4/20 | Discovered | Div. Tr. | H |
| 199 | Laura Kunz statement online | Discovered | Div. Tr. | H, NP |
| 200 | Laura Kunz written statement to Collingswood Police, February 2020 | Discovered | Div. Tr. | No objection |
| 201 | Lissa Franklin text messages and Laura Kunz tweet. 2/2020 | Discovered | Div. Tr. | H, NP |

**EX. 2 – FINAL JOINT PRETRIAL ORDER**
**DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)\***
\*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to
foundational testimony).

| | | | | | |
|---|---|---|---|---|---|
| 202 | Video call 8/2/2020 Liz/Andrew Burki related to Laura Kunz false postings and public tweets re sexual assault pre detention hearing | Discovered | Div. TR. | DUP, H, NR |
| 203 | Tricia Youngs letter to Judge DiCamillo re: hearing | Discovered | Div. Tr. | H, NP, NR |
| 204 | Claire LaRoche trial Testimony, 4/6/2022 regarding Tricia Youngs Burki v. Burki | Discovered | Div. Tr. | NR |
| 205 | 6/20/20 excerpt of video call "move to Virginia/compliance power dynamics," Andrew/Liz Burki | Discovered | Div. Tr. | DUP, H, IC, NR |

\*Note, for each video identified or proffered, the videos will be identified by the same exhibit in _**both**_
formats (with listening aid/transcriptions/closed captions and without, depending on how the Court
rules on the use of those captions.  All videos will be presented _**without**_ Andrew Burki's written editorial
introductions/summaries).

**COUNTERCLAIM EXHIBITS**

| Def. Trial Ex. No. | Date | Title or Description | Plaintiff's Objection |
|---|---|---|---|
| C1 | 4/7/2021 | Video of Discovery of USB device USB (Jensen/Burki) | H, NR (in part) |
| C2 | 4/6/2021 | Audio Recording USB Device "eyes bleed" Claire/Liz Burki | DUP, BE, F, IC, NA, NR, spoliated |
| C3 | 4/6/2021 | Audio Recording USB Device "court will never turn on mother" Claire/Liz Burki | DUP, BE, F, IC, NA, NR (in part), spoliated |
| C4 | 4/6/2021 | Audio Recording USB Device- Claire/Liz "dictate letter to Lou Guzzo" Claire/Liz Burki | DUP, BE, F, IC, NA, NR (in part), spoliated |
| C5 | 4/6/2021 | Audio Recording USB Device "eyes bleed" Claire/Liz Burki | DUP, BE, F, IC, NA, NR, spoliated |
| C6 | 4/4/2021 | Excerpts Transcript of Trial, Claire LaRoche Testimony, Burki v. Burki, p94 | DUP, IC, NR |
| C7 | 4/5/2021 | Excerpts of Cross Examination Claire LaRoche re Lorax | DUP, IC, NR, unclear description |
| C8 | 4/6/2021 | Audio Recording USB Device "Bernardin" Claire/Liz Burki | DUP, BE, F, IC, NA, NR, spoliated |

16

**EX. 2 – FINAL JOINT PRETRIAL ORDER**
**DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)\***
\*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit. With respect to videos, some are full videos, while others are excerpts from a longer video (subject to foundational testimony).

| | | | |
|---|---|---|---|
| C9 | 4/6/2021 | Audio Recording USB Device "Lorax" Claire/Liz Burki | DUP, BE, F, IC, NA, NR, spoliated |
| C10 | 4/6/2021 | Audio Recording USB Device "what constitutes severe abuse" Claire/Liz Burki | DUP, BE, F, IC, NA, NR, spoliated |
| C11 | 4/6/2021 | Audio Recording USB Device Andrew fucked for many months/anxiety through the roof" Claire/Liz Burki | DUP, BE, F, IC, NA, NR, spoliated |
| C12 | 4/6/2021 | Audio Recording USB Device "want four more hours and shut her down" Claire/Liz Burki | DUP, BE, F, IC, NA, NR, spoliated |
| C13 | | Video of SB searching backpack AB apartment | DUP, H, IC, NR |
| C14 | | Video of SB searching apartment AB | DUP, H, IC, NR |
| C15 | 4/6/2021 | Audio Recording USB Device "second recorder in backpack" Claire/Liz Burki | DUP, BE, F, IC, NA, NR, spoliated |
| C16 | 4/19/2021 | Transcript Order to Show Cause hearing Hon .Sherri Schweitzer, JSC, re USB; Burki v. Burki,  FM-04-1307-20 | DUP, H, NR |
| C17 | 2/16/21 | AB video recording of confrontation w Claire Rip LaRoche Nick Angello exchange  confrontation Clare LaRoche | H (in part), NR (in part) |
| C18 | 2/16/21 | Claire LaRoche supplied recording of incident re exchange (Rip/Claire) in preceding exhibit | H (in part), NR (in part) |
| C19 | | Claire LaRoche's "Andrew's Escort Friends" digital compilation prepared by Claire LaRoche | NP, unclear description and, again, identification |
| C20 | 8/6/20 and 10/25/20 | "Journal Entries" submitted by Claire LaRoche to Gregory Joseph in Burki v. Burki and Claire LaRoche trial testimony on 4/4, 4/5 and 4/6 of 2022 before Judge   Charny.' | DUP, IC, NP, NR (in part) |
| C21 | April, 2022 | Clarie LaRoche divorce trial testimony (complete) | H (in part), NR (in part), need to designate which portions per FRCP 32 and FRE 801 |
| C22 | 6/20/21 | video excerpt Liz/Andrew Burki "not rape" | DUP, H, IC, NR |

. * Counterclaim Exhibits are marked with a prefix "C".  Counterclaimant reserves the right to rely on any or all of Plaintiff's Exhibits without specifically listing them in this submission.

**KEY TO OBJECTIONS**


BE – original evidence is required (FRE 1002)

C – inadmissible character evidence (FRE 404)

DUP – duplicate or cumulative (FRE 403)

**EX. 2 – FINAL JOINT PRETRIAL ORDER**
**DEFENDANT/COUNTERCLAIMANT'S LIST OF TRIAL EXHIBITS (PROPOSED)***
*to the extent any Exhibit is a duplicate of any other, those duplicates will be reduced to a single exhibit.
With respect to videos, some are full videos, while others are excerpts from a longer video (subject to
foundational testimony).

F – Lacking foundation

H – hearsay (FRE 801-802)

IC – incomplete (FRE 106)

M – not accurate, misleading, and confusing (FRE 403)

NA – not authentic (FRE 901)

NP – not produced in discovery (FRCP 37(c))

NR – not relevant or material (FRE 401-402)

P – prejudice outweighs probative value (FRE 403).